## HOPGOOD vs. REEVES et al.

While under the act of September 27, 1883 (Acts 1882–3, p. 107), counsel may, by agreement in writing, under the approval and order of the court, abbreviate the record, yet the declaration and pleas should be sent to this court, in order that it may ascertain what were the issues submitted and passed upon in the court below.

(a.) It is incumbent on the plaintiff in error to show error. Where a first new trial has been granted, and error is not affirmatively shown, and no abuse of discretion appears, the judgment of the court below will be affirmed.

December 7, 1886.

Practice in Superior Court. New Trial. Before Judge BROWN. Cherokee Superior Court. September Term, 1885.

The bill of exceptions in this case recites that it was an action of ejectment by *Reeves et al. vs. Hopgood*, in which a verdict was rendered for the defendant; and that a motion for a new trial was made and granted, and the defendant excepted. The record contains only the brief of evidence and the order granting the new trial. Attached to the brief is an agreement of counsel, in which it is stated that it is not necessary that a full transcript of the record should be sent to the Supreme Court, and that the brief agreed upon contains all the evidence that is necessary for a proper determination of the questions made by the bill of exceptions. Following such agreement is a certificate of the presiding judge couched in like terms.

P. P. DuPre; C. D. Maddox, by brief, for plaintiff in error.

No appearance for defendants.

HALL, Justice.

While the act of the general assembly, approved September 27th, 1883 (Acts, 107), provides for the transmis-

sion of only a part of the record to this court from the superior and city courts whenever, in any case, counsel for the parties may agree in writing that it is not necessary, for a proper determination of the questions made by the bill of exceptions, that the full transcript of the record shall be sent to this court, and shall present to the presiding judge, in connection with the bill of exceptions, an agreed statement of what parts of the record are sufficient for that purpose, and the judge shall so certify, it shall be the duty of the clerk to transmit only the parts agreed on, yet we do not understand that this dispenses with the pleadings on which the cause is founded; at least, we are of opinion that the declaration and pleas filed should appear in the record transmitted, as without them it is scarcely possible to ascertain what were the issues submitted and passed upon; yet as no motion was made to dismiss the writ of error for the want of these pleadings, and as this is the first grant of a new trial, in which it does not affirmatively appear that the discretion of the court in ordering it has been abused, and inasmuch as it is incumbent upon the party alleging it to show error, and that has not been done, we are constrained to sustain the action of the court upon the well-established presumption, when nothing to the contrary is made to appear, that the ruling of the court is to be considered correct: we are constrained to order the judgment affirmed.